**RICKEY IVIE (#76864)**
rivie@imwlaw.com
**JACK F. ALTURA (#297314)**
jaltura@imwlaw.com
**IVIE McNEILL WYATT PURCELL & DIGGS, APLC**
444 South Flower Street, Suite 1800
Los Angeles, California 90071
Telephone:  (213) 489-0028
Facsimile:   (213) 489-0552

Attorneys for Defendant,
**LOS ANGELES COUNTY SHERIFF'S DEPARTMENT**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME FLORES,<br><br>    Plaintiff,<br><br>vs.<br><br>LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, ALEX VILLANUEVA, and DOES 1–20, inclusive,<br><br>    Defendants. | Case No.:<br><br>**DECLARATION OF JACK F. ALTURA IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. 1441(a) (FEDERAL QUESTION)**<br><br>**Action Filed:**        November 16 2020<br>**Defendant Served:** December 17, 2020<br>**State Case No.:**     20STCP02370 |

## <u>DECLARATION OF JACK F. ALTURA</u>

1. I am an attorney licensed to practice law in the State of California, and I am admitted to the bar of the United States District Court of the Central District of California. I am an associate at the law firm of Ivie McNeill Wyatt Purcell & Diggs, attorneys for Defendant Los Angeles County Sheriff's Department in this action.

2. The following declaration is based upon my personal knowledge and if called upon to testify, I could and would competently testify to the facts set forth as follows.

3. Attached as **Exhibit 1** is a true and correct copy of Plaintiff's summons and complaint served on the County of Los Angeles on December 17, 2020.

4. Defendant Los Angeles County Sheriff's Department consents to removal of this case. To my knowledge, no other Defendant has been served with the Complaint.

5. On information and belief, Defendant Los Angeles County Sheriff's Department was served with the Complaint on December 17, 2020. The Notice of Removal is filed with this Court within 30 days after service.

6. The Notice of Removal is being filed with the state court in which this action was originally filed.

7. Plaintiff is being served with this notice of removal.

8. On December 28, 2020, I emailed a letter to Plaintiff's counsel, Jaime G. Monteclaro, stating that the Complaint appears to allege a claim for excessive force under 42 U.S.C. § 1983 and requesting that Mr. Monteclaro call me to discuss.

9. On or about the same date, I left a voicemail at Mr. Monteclaro's office number requesting a call back.

10. As of the filing of this Notice of Removal, I have not received a call back from Mr. Monteclaro.

11. Therefore, in order to preserve Defendant's right to remove this case to federal court within the statutory time period, Defendants are filing this Notice of Removal.

///
///
///
///

1  I declare under penalty of perjury of the laws of the State of California that
2  the foregoing is true and correct. Executed on January 6, 2021 at Los Angeles,
3  California.

**/s/ Jack F. Altura**
Jack F. Altura

# EXHIBIT 1

Electronically FILED by Superior Court of California, County of Los Angeles on 11/16/2020 02:19 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Mariano, Deputy Clerk
20STCP02370

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
County of Los Angeles County Sheriff & Alex Villanueva, Does 1-20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JAIME FLORES

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: STANLEY MOSK COURTHOUSE
*(El nombre y dirección de la corte es):*
111 North Hill Street, Los Angeles CA 90012

CASE NUMBER: *(Número del Caso):*
20STCP02370

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jaime G. Monteclaro, Esq. Law Offices of Jaime G. Monteclaro 23505 Crenshaw Boulevard Suite 135 Torrance, CA 90505

DATE: 11/16/2020           Sherri R. Carter Executive Officer / Clerk of Court           , Deputy
*(Fecha)*                    Clerk, by  *(Secretario)*   M. Mariano                      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* County of Los Angeles County Sheriff
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* A government entity
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Jaime G. Monteclaro (SBN: 183387)<br>Law Offices of Jaime G. Monteclaro<br>23505 Crenshaw Boulevard, Suite 135<br>Torrance, California 90505<br>TELEPHONE NO: 310.872.3958  FAX NO. (Optional): 310.872.3909<br>E-MAIL ADDRESS (Optional): lawofficeofjgmonteclaro@yahoo.com<br>ATTORNEY FOR (Name): JAIME FLORES | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF: JAIME FLORES

DEFENDANT: County of Los Angeles Sheriff & Alex Villanueva, et al

[✓] DOES 1 TO 20

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
[ ] AMENDED (Number):

Type (check all that apply):
[ ] MOTOR VEHICLE  [✓] OTHER (specify): Neg, Int. Tort, Civ. Rights
[ ] Property Damage  [ ] Wrongful Death
[✓] Personal Injury  [✓] Other Damages (specify): Legal Interest

Jurisdiction (check all that apply):
[ ] ACTION IS A LIMITED CIVIL CASE
Amount demanded [ ] does not exceed $10,000
[ ] exceeds $10,000, but does not exceed $25,000
[✓] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
[ ] from limited to unlimited
[ ] from unlimited to limited

CASE NUMBER: 20STCP02370

1. Plaintiff (name or names): JAIME FLORES
   alleges causes of action against defendant (name or names):
   County of Los Angeles Sheriff & Alex Villanueva, et al
2. This pleading, including attachments and exhibits, consists of the following number of pages: 10
3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff (name):
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other (specify):
      (5) [ ] other (specify):
   b. [ ] except plaintiff (name):
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other (specify):
      (5) [ ] other (specify):

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3
Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]
COMPLAINT—Personal Injury, Property Damage, Wrongful Death
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-PI-001

| SHORT TITLE: Jaime Flores v. County of Los Angeles Sheriff & Alex Villanueva, et al | CASE NUMBER: 20STCP02370 |
|---|---|

4. ☐ Plaintiff *(name)*:
   is doing business under the fictitious name *(specify)*:

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ **except** defendant *(name)*: LACo Sheriff
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe)*:
      (4) ☒ a public entity *(describe)*: Los Angeles County Sheriff Dept.
      (5) ☐ other *(specify)*:

   c. ☐ **except** defendant *(name)*:
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe)*:
      (4) ☐ a public entity *(describe)*:
      (5) ☐ other *(specify)*:

   b. ☐ **except** defendant *(name)*:
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe)*:
      (4) ☐ a public entity *(describe)*:
      (5) ☐ other *(specify)*:

   d. ☐ **except** defendant *(name)*:
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe)*:
      (4) ☐ a public entity *(describe)*:
      (5) ☐ other *(specify)*:

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants *(specify Doe numbers)*: 1 to 10 were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants *(specify Doe numbers)*: 11 to 20 are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☒ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify)*:

9. ☒ Plaintiff is required to comply with a claims statute, **and**
   a. ☒ has complied with applicable claims statutes, **or**
   b. ☐ is excused from complying because *(specify)*:

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Jaime Flores v. County of Los Angeles Sheriff & Alex Villanueva, et al | 20STCP02370 |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
    a. ☐ Motor Vehicle
    b. ☑ General Negligence
    c. ☑ Intentional Tort
    d. ☐ Products Liability
    e. ☐ Premises Liability
    f. ☑ Other *(specify):*

    Gen. Negligence, Negligent Hiring, Vicarious Liability; Intentional Infliction of Emotional Distress, Battery; Civil Rights - Unreasonable Use of Force, Civil Rights - Excessive Use of Force

11. Plaintiff has suffered
    a. ☐ wage loss
    b. ☑ loss of use of property
    c. ☑ hospital and medical expenses
    d. ☑ general damage
    e. ☑ property damage
    f. ☐ loss of earning capacity
    g. ☑ other damage *(specify):*

    Punitive Damages

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
    a. ☐ listed in Attachment 12.
    b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. (1) ☑ compensatory damages
       (2) ☑ punitive damages
       The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
       (1) ☑ according to proof
       (2) ☐ in the amount of: $

15. ☑ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*
    GN-1 page 4, GN-1 page 5, GN-1 page 6, IT-1 page 7, IT-1 page 8, EX-1 page 9, EX-1 page 10

Date: July 23, 2020

Jaime G. Monteclaro, Esq.
(TYPE OR PRINT NAME) ▶ (SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007] **COMPLAINT—Personal Injury, Property Damage, Wrongful Death** Page 3 of 3

PLD-PI-001(2)

| SHORT TITLE: Flores v. County of Los Angeles Sheriff & Alex Villanueva, et al | CASE NUMBER: 20STCP02370 |

| 1st CAUSE OF ACTION—General Negligence | Page 4 |
(number)

ATTACHMENT TO ☑ Complaint ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* JAIME FLORES

alleges that defendant *(name):* County of Los Angeles Sheriff, Sheriff Alex Villanueva, et al

☑ Does 1 to 20

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date):* August 21, 2019
at *(place):* 530 West Jackman Street Apartment 434 Lancaster, CA 93534

*(description of reasons for liability):*

Complaint General Negligence - Law Enforcement Officer has a duty act as a reasonable Law Enforcement Officer where there is NO threat of harm to Law enforcement or the public.
On August 21, 2019, Deputy Angel Reinosa reported over the Los Angeles County Sheriff Department's two-way radio that he was taking shots from the north of the Lancaster Sheriff Helipad, it was reported that other deputies were fired at as well, this report caused an all out search for a presumed sniper in the vicinity surrounding the Los Angeles County Sheriff Lancaster Station on the corner of Lancaster Boulevard and Sierra Highway. Directly behind the the Sheriff's Station where the Helipad is located sits a large apartment complex at 530 W. Jackman Street, Lancaster CA 93534. Plaintiff Jaime Flores was living in apartment 434 in which the rear windows of the apartment faces the rear of the Sheriff Station. Three Deputy Sheriff Defendant Does 1-20 entered Mr. Jaime Flores' apartment with their rifles drawn rashly moving toward's Mr. Flores who was asleep on his bed and was awakened when the Deputies barged into his apartment. All three Defendant Deputy Does 1-20 approached Mr. Flores' bed, one of the Deputy Does 1-20 pushed Mr. Flores' wheelchair to move closer to the bed. The Deputy Does had their rifles steadily fixed directly Mr. Flores' face, shouting "where is the gun, where is the gun." Mr. Flores answered he had no guns, and asked the Deputy Does what was going on; Mr. Flores, asked the Deputy Does if they had a warrant, asking the Deputy Does to leave protesting that the Deputies had no rights to be in his apartment. Mr. Flores' then showed the Deputy Does his disabled hands and attempted to sit-up so he can show the Deputy Does that he was an amputee in both legs to show he was no threat, while continuing to inform the Deputy Does he had no guns and protesting that they leave his apartment, two of the Deputy Does seeing Mr. Flores was disabled grabbed each of his shoulders, abruptly lifting him, began to flung and throw him down onto the floor. Mr. Flores, to avoid hitting his head on the floor, attempted to put both hands out to cushion from the slam, however, his two stumps hit the floor hard injuring them. The Defendants were aware that that Plaintiff posed no threat before they threw him from the bed to the floor, the actual and proximate cause of injuries to Plaintiff, causing damages which includes but not limited to Negligence Emotional Distress, bodily injuries and personal properties.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
www.courtinfo.ca.gov

PLD-PI-001(2)

| SHORT TITLE: Jaime Flores v. County of Los Angeles Sheriff & Alex Villanueva, et al | CASE NUMBER: 20STCP02370 |
|---|---|

__2nd__  **CAUSE OF ACTION—General Negligence**   Page __5__
(number)

ATTACHMENT TO [✓] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* JAIME FLORES

alleges that defendant *(name):* County of Los Angeles Sheriff & Alex Villanueva, et al

[✓] Does __1__ to __20__

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date):* August 21, 2019
at *(place):* 530 West Jackman Street Apartment 434 Lancaster, CA 93534

*(description of reasons for liability):*

Complaint General Negligence - Negligent Hiring:

Plaintiff Jaime Flores was harmed by the Los Angeles County Sheriff Department Deputy Angel Reinosa, and that the County of Los Angeles Sheriff Department and Sheriff Alex Villaneuva is responsible for that harm because they negligently hired/retained/supervise Angel Reinosa. That Deputy Reinosa was unfit to serve as a Los Angeles County Deputy the day of the incident on August 21, 2020 when he was remanded to duty station. That the County of Los Angeles Sheriff Department, the Supervisor Deputy Does 1-20 who was in direct supervision and Sheriff Alex Villanueva knew or should have known that Deputy Angel Reinosa was unfit/incompetent of carrying out his duties as a Deputy Sheriff and that Deputy Reinosa's unfitness and or incompetency created a particular risk of harm to others when he falsely claimed that he was a target of a sniper attack on the premises of the Los Angeles Sheriff station in the Helipad area. That this false report created a risk of harm to those within the vicinity of the Los Angeles Sheriff station, which included but not limited to the apartment complex directly contiguous behind the Sheriff Station. That Angel Reinosa's false claim of a sniper attack created a risk of harm to Plaintiff Jaime Flores when Defendant Deputy Does 1-20 barged into his apartment looking for a gunman, that Plaintiff Jaime Flores was inappropriately mishandled by throwing Plaintiff Flores from his bed onto the floor of his apartment, even after they recognized that Plaintiff Flores was a double amputee, who also had deformity in his hands incapable of holding a gun. That the Deputy Does 1-20 recognized that Plaintiff Flores was of no threat or harm to the Deputy Does or the general public prior to being thrown on the floor of Plaintiff Flores' apartment. That the acts of Angel Reinosa and Supervisory/Deputy Does 1-20 was a direct and substantial factor in causing harm to Plaintiff, the their acts were the actual and proximate cause of Plaintiff Jaime Flores' damage includes but not limited to Negligence Emotional Distress, bodily injuries and personal properties.

PLD-PI-001(2)

| SHORT TITLE: Jaime Flores v. County of Los Angeles Sheriff & Alex Villanueva, et al | CASE NUMBER: 20STCP02370 |
|---|---|

**3rd** (number)     **CAUSE OF ACTION—General Negligence**     Page **6**

ATTACHMENT TO [✓] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* JAIME FLORES

alleges that defendant *(name):* County of Los Angeles Sheriff & Alex Villanueva, et al

[✓] Does **1** to **20**

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date):* August 21, 2019
at *(place):* 530 West Jackman Street Apartment 434 Lancaster, CA 93534

*(description of reasons for liability):*

Complaint Negligence - Vicarious Liability - Police Officer's Misuse of Authority:

An employer/principal, in this case the County of Los Angeles Sheriff Department/Alex Villanueva is responsible of harm caused by the conduct of its/his employees/agents (Co-Defendants Supervisory/Deputy Does 1-20) while acting within their scope of their employment/authority (as Law Enforcement Officers). That Plaintiff Jaime Flores claims that on the date of August 21, 2019 he was harmed by Deputies Does 1-20 from the Los Angeles County Sheriff Department who was acting within their scope of employment as Deputy Sheriffs, Law Enforcement Officers of said Department, when he was inappropriately mishandled by the Defendant Deputy Does 1-20 who burst into his apartment during a search for a suspect from a report that was falsely made by one of their Deputies within the department. That the Defendant Deputy Does 1-20 knew or should have known that Plaintiff Jaime Flores posed no harm to them or the public since Plaintiff Flores' showed them his hands of deformity incapable of handling a weapon more specifically a gun, that additionally Plaintiff Jaime Flores also presented that he was a double amputee from the knees down, yet he was lifted from his bed and thrown onto the floor, landing on his stump and injuring both. That the acts of the agents and its principals was the substantial factor in causing harm to Plaintiff Jaime Flores damages, that the Defendant Deputy Does 1-20 was the actual and proximate cause of Plaintiff Jaime Flores' injuries, in which damages includes but not limited to Negligence Emotional Distress, bodily injuries and personal properties.

Page 1 of 1
Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]
**CAUSE OF ACTION—General Negligence**
Code of Civil Procedure 425.12
www.courtinfo.ca.gov

| | | PLD-PI-001(3) |
|---|---|---|
| SHORT TITLE: Jaime Flores v. County of LA, LACo Sheriff & Alex Villanueva, et al | | CASE NUMBER 20STCP02370 |

___4th___ **CAUSE OF ACTION—Intentional Tort**  Page ___7___
(number)

ATTACHMENT TO  ☑ Complaint  ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name)*: JAIME FLORES

alleges that defendant *(name)*: County of Los Angeles, LACo Sheriff & Alex Villanueva

☑ Does ___1___ to ___20___

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on *(date)*: August 21, 2019
at *(place)*: 530 West Jackman Street Apartment 434 Lancaster, CA 93534

*(description of reasons for liability)*:

Cause of Action - Intentional Infliction of Emotional Distress w/ Reckless Disregard

Plaintiff Jaime Flores claims that the Los Angeles County Sheriff Department Deputy Does' 1-20 conduct in this case caused Plaintiff Jaime Flores to suffer severe emotional distress. That the Defendants Deputy Does 1-20 with the Los Angeles County Sheriff Department conduct was outrageous. That the Los Angeles County Sheriff Department Deputy Does acted with reckless disregard of the probability that Plaintiff Jaime Flores would suffer emotional distress when they lifted Mr. Jaime Flores from his bed knowing that Plaintiff Mr. Flores was an amputee on both legs from the knees down and proceeded to abruptly toss/threw him across the room onto the floor of his apartment, causing Mr. Jaime Flores severe emotional distress as he frantically reaching his hand outstretch to land from keeping his head from hitting the floor, landing instead onto both his stump, causing both stump and his side to have an open wound. That the Los Angeles County Sheriff Department Deputy Does 1-20 gave little or no thought of the probable effects on their conduct when they flung Mr. Flores from his bed onto the floor. That the Plaintiff Jaime Flores severe emotional distress, was the substantial cause of Plaintiffs damages and injuries. That the act/conduct of the Defendant Deputy Does 1-20 of the Los Angeles County Sheriff Department was the actual and proximate cause of Plaintiffs Emotional Distress, damages that includes but not limited to Emotional Distress and bodily injuries.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION–Intentional Tort**

Page 1 of 1
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-PI-001(3)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Jaime Flores v. County of LA, LACo Sheriff & Alex Villanueva, et al | 20STCP02370 |

| 5th | CAUSE OF ACTION—Intentional Tort | Page 8 |
|---|---|---|
| (number) | | |

ATTACHMENT TO  [✓] Complaint  [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name)*: JAIME FLORES

alleges that defendant *(name)*: County of Los Angeles Sheriff & Alex Villanueva

[✓] Does 1 to 20

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on *(date)*: August 21, 2019
at *(place)* 530 West Jackman Street Apartment 434 Lancaster, CA 93534

*(description of reasons for liability)*:

Cause of Action - Battery of Police Officer

Plaintiff Jaime Flores claims that the Los Angeles County Sheriff Department Deputy Does' 1-20 conduct caused Plaintiff Jaime Flores harm by using an unreasonable force when the Defendant Deputy Does 1-20 lifted Mr. Jaime Flores from his bed knowing that Plaintiff Mr. Flores was an amputee on both legs from the knees down and proceeded to abruptly toss/threw him across the room onto the floor of his apartment. That the Defendant Deputy Does 1-20 intentionally touched Plaintiff Jaime Flores when two to the Deputy Does reached under each arm lifting the Plaintiff. That Defendant Does used unreasonable force when they lifted Plaintiff Flores, a double amputee in his lower extremities with deformities in his hands from his bed and threw him onto the floor of Plaintiff Flores apartment. That prior to this conduct by the Defendant Deputy Does 1-20, Plaintiff Flores raised his hand up and positioned himself to show the Defendant Deputy Does that his hands are deformed and that his legs were amputated from the knees down. That Plaintiff Flores showed that he posed no harm to the Deputies nor the Public prior to the Deputy Does 1-20 throwing Plaintiff onto the floor. That Plaintiff Flores was injured when both of his stump landed on the floor causing an open wound. That the Defendant Deputy Does use of unreasonable force was the substantial factor in causing harm to Plaintiff Jaime Flores. That Defendant Deputy Does 1-20 acts/conduct of Battery is the actual and proximate cause of Plaintiffs injuries, that plaintiffs damages includes, but not limited to Emotional Distress and bodily injuries.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

CAUSE OF ACTION–Intentional Tort

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-PI-001(6)

| SHORT TITLE: Jaime Flores v. County of Los Angeles Sheriff & Alex Villanueva, et al | CASE NUMBER: 20STCP02370 |
|---|---|

## Exemplary Damages Attachment

Page 9

ATTACHMENT TO  [✓] Complaint   [ ] Cross - Complaint

EX-1. As additional damages against defendant *(name):*
CIVIL RIGHTS - UNREASONABLE FORCE BY LAW ENFORCEMENT

Plaintiff alleges defendant was guilty of
[ ] malice
[ ] fraud
[✓] oppression

as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendant.

EX-2. The facts supporting plaintiff's claim are as follows:

Plaintiff Jaime Flores claims that the Los Angeles County Sheriff Department Deputy Does 1-20 who are defendants in this case used unreasonable use of force when detaining Plaintiff Mr. Jaime Flores, that the amount of force used by the Defendants Deputy Does 1-20 with the Los Angeles County Sheriff Department was unreasonable when they lifted Mr. Jaime Flores from his bed knowing that Plaintiff Mr. Flores was an amputee on both legs from the knees down and proceeded to abruptly toss/threw him across the room onto the floor of his apartment, causing Mr. Jaime Flores harm when he landed onto both his stump, causing both stump and his side to have an open wound. That the Los Angeles County Sheriff Department Deputy Does use of unreasonable force against Plaintiff Mr. Flores was the substantial factor in causing Plaintiff harm. That at the time of the Defendant Deputy Does' entrance to Plaintiff apartment and during the Defendant Deputy Does' 1-20 aggressive questioning of "where is the gun" when Mr. Flores was awaken from his sleep, it was apparent that Mr. Flores posed no threats to Law Enforcement officers and members of the public when Mr. Flores raised both his hands showing Deputy Does 1-20 of the deformity of both hands, he then attempted to sit-up to show Defendants that he was a double amputee and posed no threat. That Plaintiff Mr. Jaime Flores was not actively resisting arrest, rather he was trying to understand why the Deputy Does 1-20 were inside his premises, nor was Mr. Jaime Flores posed a flight risk, that the Deputy Does 1-20 decision to lift Mr. Flores from his bed abruptly and forcefully throwing Plaintiff Flores onto the floor is an unreasonable use of force. That this act of unreasonable force was a substantial factor in Plaintiff's injuries. That the Defendant Does 1-20 was the actual and proximate cause of Plaintiff's injuries. That the Defendant Deputy Does 1-20 acts/conduct rises to punitive damages.

EX-3. The amount of exemplary damages sought is
a. [ ] not shown, pursuant to Code of Civil Procedure section 425.10.
b. [ ] $

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(6) [Rev. January 1, 2007]

**Exemplary Damages Attachment**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-PI-001(6)

| SHORT TITLE: Jaime Flores v. County of Los Angeles Sheriff & Alex Villanueva, et al | CASE NUMBER: 20STCP02370 |

## Exemplary Damages Attachment

Page 10

ATTACHMENT TO  [✓] Complaint   [ ] Cross - Complaint

EX-1. As additional damages against defendant (name):

**CIVIL RIGHTS - EXCESSIVE USE OF FORCE**

Plaintiff alleges defendant was guilty of

[ ] malice
[ ] fraud
[✓] oppression

as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendant.

EX-2. The facts supporting plaintiff's claim are as follows:

Plaintiff Jaime Flores claims that the Los Angeles County Sheriff Department Deputy Does 1-20 who are defendants in this case used excessive force when detaining Plaintiff Mr. Jaime Flores, that the amount of force used by the Defendants Deputy Does 1-20 with the Los Angeles County Sheriff Department was excessive when they lifted Mr. Jaime Flores from his bed knowing that Plaintiff Mr. Flores was an amputee on both legs from the knees down and proceeded to abruptly toss/threw him across the room onto the floor of his apartment, causing Mr. Jaime Flores harm when he landed onto both his stump, causing both stump and his side to have an open wound. That the Los Angeles County Sheriff Department Deputy Does use of excessive force against Plaintiff Mr. Flores was the substantial factor in causing Plaintiff harm. That at the time of the Defendant Deputy Does' entrance to Plaintiff apartment and during the Deputy Does aggressive questioning of "where is the gun" when Mr. Flores was awaken from his sleep, it was apparent that Mr. Flores posed no threats to Law Enforcement officers and members of the public when Mr. Flores raised both his hands showing Defendant Deputy Does 1-20 the deformity of both his hands, he then attempted to sit-up to show Defendant Deputy Does 1-20 that he was a double amputee and posed no threat to the Deputies present or members of the public. That Plaintiff Mr. Jaime Flores was not actively resisting arrest, rather he was trying to understand why the Deputy Does were inside his premises, nor Mr. Jaime Flores pose a flight risk, that the Deputy Does decision to lift Mr. Flores from his bed abruptly and forcefully throwing Plaintiff Flores onto the floor is an excessive use of force. That this act of excessive force was a substantial factor in Plaintiff's injuries. That the Defendant Does 1-20 was the actual and proximate cause of Plaintiff's injuries. That the Defendant Deputy Does 1-20 acts/conduct rises to punitive damages.

EX-3. The amount of exemplary damages sought is

a. [ ] not shown, pursuant to Code of Civil Procedure section 425.10.
b. [ ] $

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(6) [Rev January 1, 2007]

**Exemplary Damages Attachment**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

Electronically Filed by Superior Court of California, County of Orange, 11/09/2020 08:00:00 AM.
30-2020-01169114-CU-PA-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Juan D. Garcia (SBN: 215980); Jimmy Nguyen (SBN: 287501) <br> GARCIA & PHAN, A Prof. Law Corp. <br> 17011 Beach Blvd., Suite 900 <br> Huntington Beach, California 92647 <br> TELEPHONE NO.: 714-848-8200    FAX NO.: 714-677-4005 <br> ATTORNEY FOR *(Name)*: Plaintiffs, Danny Ong and Nam Tu | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, California 92701
BRANCH NAME: Central Justice Center

CASE NAME:
Danny Ong, et al. v. Kim Loan Le, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited ☐ Limited <br> (Amount (Amount <br> demanded demanded is <br> exceeds $25,000) $25,000 or less) | ☐ Counter ☐ Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | 30-2020-01169114-CU-PA-CJC <br> JUDGE: Judge Martha K. Gooding <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☑ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Construction defect (10) |
| | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse condemnation (14) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Wrongful eviction (33) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Writ of mandate (02) | |
| ☐ Wrongful termination (36) | ☐ Other judicial review (39) | |
| ☐ Other employment (15) | | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify)*: (1) Motor Vehicle
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 10, 2020
Jimmy Nguyen
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non- domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non- harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition