**RICKEY IVIE, ESQ. (SBN 76864)**
rivie@imwlaw.com
**JACK F. ALTURA, ESQ. (SBN 297314)**
jaltura@imwlaw.com
**IVIE McNEILL WYATT**
**PURCELL & DIGGS, APLC**
444 South Flower Street, Suite 1800
Los Angeles, California 90071
Telephone:  (213) 489-0028
Facsimile:   (213) 489-0552

Attorneys for Defendant,
**LOS ANGELES COUNTY SHERIFF'S DEPARTMENT**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME FLORES,<br><br>           Plaintiff,<br><br>vs.<br><br>LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, ALEX VILLANUEVA, and DOES 1–20, inclusive,<br><br>           Defendants. | Case No.: 2:21-cv-00117-VAP-E<br><br>**DEFENDANT LOS ANGELES COUNTY SHERIFF DEPARTMENT'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>**Action Filed:**      November 16 2020<br>**Defendant Served:** December 17, 2020<br>**State Case No.:**    20STCP02370 |

Defendant Los Angeles County Sheriff's Department ("Defendant") answers Plaintiff Jaime Flores' ("Plaintiff") Complaint for Damages as follows:

## General Allegations

1.  Defendant lacks information sufficient to admit or deny the truth of the allegations on pages 1 to 3 of Plaintiff's Complaint, except that Defendant lacks that Plaintiff has suffered any damages, that any damages Plaintiff

-1-

suffered was caused by Defendant, and that Plaintiff is entitled to damages or a judgment in connection with his Complaint.

**Claim #1—General Negligence**

2. In answering the first sentence of Claim #1, Defendant lacks information sufficient to admit or deny the truth of the allegations.

3. In answering the second sentence of Claim #1, Defendant lacks information sufficient to admit or deny the truth of the allegations asserted.

4. In answering the third sentence of Claim #1, Defendant lacks information sufficient to admit or deny the truth of the allegations asserted.

5. In answering the fourth sentence of Claim #1, Defendant lacks information sufficient to admit or deny the truth of the allegations asserted.

6. In answering the fifth sentence of Claim #1, Defendant lacks information sufficient to admit or deny the truth of the allegations asserted.

7. In answering the sixth sentence of Claim #1, Defendant lacks information sufficient to admit or deny the truth of the allegations asserted.

8. In answering the seventh sentence of Claim #1, Defendant lacks information sufficient to admit or deny the truth of the allegations asserted.

9. In answering the eighth sentence of Claim #1, Defendant lacks information sufficient to admit or deny the truth of the allegations asserted.

10. In answering the ninth sentence of Claim #1, Defendant lacks information sufficient to admit or deny the truth of the allegations asserted.

11. In answering the tenth sentence of Claim #1, Defendant lacks information sufficient to admit or deny the truth of the allegations asserted.

12. In answering the eleventh sentence of Claim #1, Defendant lacks information sufficient to admit or deny the truth of the allegations asserted.

**Claim #2—General Negligence (Negligent Hiring)**

13. In answering the first sentence of Claim #2, Defendant denies the truth of the allegations asserted.

14. In answering the second sentence of Claim #2, Defendant denies the truth of the allegations asserted.
15. In answering the third sentence of Claim #2, Defendant denies the truth of the allegations asserted.
16. In answering the fourth sentence of Claim #2, Defendant denies the truth of the allegations asserted.
17. In answering the fifth sentence of Claim #2, Defendant denies the truth of the allegations asserted.
18. In answering the sixth sentence of Claim #2, Defendant lacks information sufficient to admit or deny the truth of the allegations asserted.
19. In answering the seventh sentence of Claim #2, Defendant denies the truth of the allegations asserted.

## Claim #3—General Negligence
### (Vicarious Liability—Police Officer's Misuse of Authority)

20. In answering the first sentence of Claim #3, Defendant denies the truth of the allegations asserted.
21. In answering the second sentence of Claim #3, Defendant lacks information sufficient to admit or deny the truth of the allegations asserted.
22. In answering the third sentence of Claim #3, Defendant lacks information sufficient to admit or deny the truth of the allegations asserted.
23. In answering the fourth sentence of Claim #3, Defendant denies the truth of the allegations asserted.

## Claim #4—Intentional Tort
### (Intentional Infliction of Emotional Distress with Reckless Disregard)

24. In answering the first sentence of Claim #4, Defendant lacks information sufficient to admit or deny the truth of the allegations asserted.
25. In answering the second sentence of Claim #4, Defendant denies the truth of the allegations asserted.

26. In answering the third sentence of Claim #4, Defendant denies the truth of the allegations asserted.
27. In answering the fourth sentence of Claim #4, Defendant lacks information sufficient to admit or deny the truth of the allegations asserted.
28. In answering the fifth sentence of Claim #5, Defendant lacks information sufficient to admit or deny the truth of the allegations assertion
29. In answering the sixth sentence of Claim #5, Defendant denies the truth of the allegations asserted.

### Claim #5—Intentional Tort (Battery of Police Officer)

30. In answering the first sentence of Claim #5, Defendant lacks information sufficient to admit or deny the truth of the allegations asserted.
31. In answering the second sentence of Claim #5, Defendant lacks information sufficient to admit or deny the truth of the allegations asserted.
32. In answering the third sentence of Claim #5, Defendant denies the truth of the allegations asserted.
33. In answering the fourth sentence of Claim #5, Defendant lacks information sufficient to admit or deny the truth of the allegations asserted.
34. In answering the fifth sentence of Claim #5, lacks information sufficient to admit or deny the truth of the allegations asserted.
35. In answering the sixth sentence of Claim #5, lacks information sufficient to admit or deny the truth of the allegations asserted.
36. In answering the seventh sentence of Claim #5, Defendant denies the truth of the allegations asserted.
37. In answering the eighth sentence of Claim #5, Defendant denies the truth of the allegations asserted.

### Claim #6—Civil Rights Unreasonable Force by Law Enforcement

38. In answering the first sentence of Claim #6, Defendant lacks information sufficient to admit or deny the truth of the allegations asserted.

39. In answering the second sentence of Claim #6, Defendant denies the truth of the allegations asserted.
40. In answering the third sentence of Claim #6, Defendant lacks information sufficient to admit or deny the truth of the allegations asserted.
41. In answering the fourth sentence of Claim #6, Defendant lacks information sufficient to admit or deny the truth of the allegations asserted.
42. In answering the fifth sentence of Claim #6, Defendant denies the truth of the allegations asserted.
43. In answering the sixth sentence of Claim #6, Defendant denies the truth of the allegations asserted.
44. In answering the seventh sentence of Claim #6, Defendant denies the truth of the allegations asserted.

### Claim #7—Civil Rights Excessive Use of Force

45. In answering the first sentence of Claim #7, Defendant lacks information sufficient to admit or deny the truth of the allegations asserted.
46. In answering the second sentence of Claim #7, Defendant denies the truth of the allegations asserted.
47. In answering the third sentence of Claim #7, Defendant denies the truth of the allegations asserted.
48. In answering the fourth sentence of Claim #7, Defendant lacks information sufficient to admit or deny the truth of the allegations asserted.
49. In answering the fifth sentence of Claim #7, Defendant denies the truth of the allegations asserted.
50. In answering the sixth sentence of Claim #7, Defendant denies the truth of the allegations asserted.
51. In answering the seventh sentence of Claim #7, Defendant denies the truth of the allegations asserted.

///

///

## Remaining Allegations

52. Defendant denies the truth of any remaining allegations that were not previously addressed.

## Affirmative Defenses

### First Affirmative Defense

1. Plaintiff's Complaint fails to state a cause action upon which relief can be granted.

### Second Affirmative Defense

2. The damages alleged in the Complaint are the sole and proximate responsibility and liability of persons/entities other than Defendant.

### Third Affirmative Defense

3. Defendant and DOEs acted with good faith and due care in carrying out their duties.

### Fourth Affirmative Defense

4. Plaintiff's Complaint is barred by the statute of limitations.

### Fifth Affirmative Defense

5. Plaintiff's state law claims are barred by the failure to comply with the Government Tort Claims Act

### Sixth Affirmative Defense

6. Defendant is not vicariously liable because DOEs were acting outside the course and scope of their employment.

### Seventh Affirmative Defense

7. Plaintiff's recovery is barred or reduced because he was comparatively negligent.

### Eighth Affirmative Defense

8. Plaintiff's recovery is barred or reduced by the failure to mitigate his damages.

///

///

### Ninth Affirmative Defense

9. Defendant is not vicariously liable for any claim brought under 42 U.S.C. § 1983 as there is no respondeat superior liability under that statute.

### Tenth Affirmative Defense

10. DOEs acted in self-defense to ensure their safety as well as the safety of others.

### Eleventh Affirmative Defense

11. Defendant and DOEs are not liable for any act or omission because they were responding to an emergency situation.

Dated: January 14, 2021     **IVIE McNEILL WYATT PURCELL & DIGGS**

By: */s/ Jack F. Altura*_____
**RICKEY IVIE**
**JACK F. ALTURA**
Attorneys for Defendant
**LOS ANGELES COUNTY SHERIFF'S DEPARTMENT**

# DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial for all actions so triable.

Dated: January 14, 2021  **IVIE McNEILL WYATT PURCELL & DIGGS**

By: */s/ Jack F. Altura*_____
**RICKEY IVIE**
**JACK F. ALTURA**
Attorneys for Defendant
**LOS ANGELES COUNTY SHERIFF'S DEPARTMENT**

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 444 South Flower Street, Suite 1800, Los Angeles, California, 90071.

On **January 14, 2021**, I served the foregoing document described as the **DEFENDANT LOS ANGELES COUNTY SHERIFF DEPARTMENT'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes as addressed on the service list:

**SEE ATTACHED SERVICE LIST**

[ ]  **BY PERSONAL DELIVERY**:   I caused such document to be delivered by hand to the addressee with delivery time prior to 5:00 pm on the date specified above.

[X]  **BY MAIL**: I caused such envelope to be deposited in the mail at Los Angeles, California, with first class postage thereon fully prepaid. I am readily familiar with the business practice for collection and processing of correspondence for mailing. Under that practice, it is deposited with the United States Postal Service on that same day, at Los Angeles, California, in the Ordinary course of business.
I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing in affidavit.

[X]  **Email:** See attached service list.

[ ]  **BY FEDERAL EXPRESS OVERNIGHT DELIVERY**:  I am "readily familiar" with the firm's practice of collection and processing correspondence for Federal Express.  Under that practice, it would be picked up by a representative on that same day, in the ordinary course of business and would be delivered the next business day.

[X]  (Federal) I declare under penalty of perjury under the laws of the State of California that the above is true and correct..

Executed on **January 14, 2021,** Los Angeles, California.

**MARTHA I. CARRILLO**                                    */s/ Martha I. Carrillo*

## **MAILING LIST**

| | |
|---|---|
| Jaime G. Monteclaro, Esq.<br>**LAW OFFICES OF JAIME G. MONTECLARO**<br>23505 Crenshaw Blvd., Suite 135<br>Torrance, CA 90505<br>Telephone:  (310) 872-3958<br>Facsimile:   (310) 872-3909<br>Email: lawofficeofjgmonteclaro@yahoo.com | Attorneys for Plaintiff<br>**JAIME FLORES** |